UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEFFREY DEMUNN, *et al.*,

                Plaintiffs,

    -against-                                1:19-CV-1517 (LEK/CFH)

SHEEPDOG WARRIOR LLC, *et al.*,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

## I.      INTRODUCTION

Plaintiffs Jeffrey DeMunn, Kerry DeMunn, Lynn Shufeldt, Tod Hoffstatter, Anne Landfield, Richard Messina, and Marat Tutelman (collectively, "Plaintiffs") bring this action under 42 U.S.C. § 1983 and the New York State Town Law (the "Town Law") § 268(2) against Town of Catskill, Town of Catskill's Planning Board, and Elliott Fishman, P.E., as the Town of Catskill's Code Enforcement Officer ("CEO Fishman") (collectively, "Town Defendants"), as well as Sheepdog Warrior LLC and North Mountain Game Farm LLC (collectively, "LLC Defendants"). Dkt. No. 1-1 ("Complaint"). Plaintiffs assert that Town Defendants violated Plaintiffs' due process and equal protection rights when Town Defendants failed to properly administer and enforce the Town of Catskill Zoning Code (the "Town Code") and the conditions of a special use permit (the "Special Use Permit") issued to LLC Defendants regarding their operation of a shooting range. Id. ¶¶ 67–79. Plaintiffs assert Town Law claims against LLC Defendants. Id. ¶¶ 48–66. Before the Court are Town Defendants' Motion to Dismiss, Dkt. Nos. 5 ("Town Defendants' Motion"); 5-4 ("Town Defendants' Memorandum of Law"), and LLC Defendants' Motion to Dismiss, Dkt. Nos. 16 ("LLC Defendants' Motion"); 16-1 ("LLC Defendants' Memorandum of Law"). Plaintiffs oppose both Motions to Dismiss. Dkt. Nos. 12

("Plaintiffs' Opposition to Town Defendants' Motion to Dismiss"); 21 ("Plaintiffs' Opposition to

LLC Defendants' Motion to Dismiss"). Both sets of defendants filed replies. Dkt. Nos. 15

("Town Defendants' Reply"); 22 ("LLC Defendants' Reply").

For the reasons that follow, both motions to dismiss are granted in their entirety.

## II.    BACKGROUND

The following facts, alleged in the Complaint, are assumed to be true. See Vega v.

Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015).

This action arises out of LLC Defendants' operation of a shooting range allegedly in

contravention of the Town Code and a special use permit granted to LLC Defendants pursuant to

§ 160-17(a)(1) of the Town Code, and Town Defendants' failure to enforce the Town Code and

the conditions of the Special Use Permit against LLC Defendants. Compl. ¶¶ 23, 37–44.

Plaintiffs are residents of Round Top, New York. Id. ¶¶ 1–11. Town of Catskill is a municipal

organization, Town of Catskill Planning Board is a town planning board, and CEO Fishman is

the Town of Catskill's Code Enforcement Officer. Id. ¶¶ 17–19, 28. LLC Defendants Sheepdog

Warrior and North Mountain Game Farm are limited liability companies and are affiliated

entities. Id. ¶¶ 12–13, 16.

LLC Defendants operate a shooting range on their property (the "Premises"). Id. ¶ 22.

LLC Defendants applied for and were granted the Special Use Permit, which "restricted shooting

on the Premises to targets at distances between 50 yards and a maximum of 450 yards" and

required LLC Defendants to adhere "to all state and local laws concerning gun and pistol usage."

Id. ¶ 29. Immediately after obtaining this permit, LLC Defendants began to advertise and

promote the ability to shoot at greater distances than authorized by the permit. Id. ¶ 31.

Plaintiffs informed Town Defendants that LLC Defendants were engaged in such advertisement and promotion, and LLC Defendants were, consequently, required to submit a revised site plan. Id. ¶ 32. LLC Defendants submitted a revised site plan on or about May 22, 2018 "which included shooting distances in excess of the previously-approved maximum distance of 450 yards . . . ." Id. ¶ 33. Town Defendants have taken no action with respect to the revised site plan. Id. ¶ 34.

Plaintiffs repeatedly alerted Town Defendants to LLC Defendants' violations of the Special Use Permit. For instance, in October 2018, Plaintiffs' counsel sent a letter to Town Defendants requesting that they direct LLC Defendants "to immediately cease and desist from shooting from all unauthorized and unapproved shooting distances on the Premises and from advertising the ability of shooting at range distances in excess of 450 yards . . . ." Compl. ¶ 39. And in December 2018, plaintiff Tutelman contacted CEO Fishman to alert him to LLC Defendants' "consistent and repeated violations of the Conditions of the Special Use Permit." Id. ¶ 40.

Plaintiffs allege that, despite these notifications, Town Defendants have failed to take any action with respect to the revised site plan, and that while the revised site plan has been pending before Town Defendants, LLC Defendants have continued "to violate the Conditions of the Special Use Permit." Compl. ¶¶ 34–35. Plaintiffs further allege that this has "unreasonably interfered with the quiet, peaceful and orderly use of the surrounding properties as private residences in violation of the Town Code and the Conditions of the Special Use Permit." Id. ¶ 37. As of the date of the filing of the Complaint, Town Defendants had failed to enforce the Town Code and the conditions of the Special Use Permit. Id. ¶ 41.

Plaintiffs filed their Complaint on October 29, 2019 in the Supreme Court of the State of

New York. Dkt. No. ¶ 2. Plaintiffs allege that due to Town Defendants' failure to act, Plaintiffs

"have been deprived of their property rights without due process of law." Compl. ¶ 75. Plaintiffs

further allege that Town Defendants have "impermissibly treated the Plaintiffs differently than

other similarly situated persons with intent to injure the constitutionally protected rights of

Plaintiffs." Id. ¶ 77. Plaintiffs claim that as a result of Town Defendants' violations of Plaintiffs'

due process and equal protection rights, Plaintiffs are entitled to damages under § 1983. Id. ¶ 78.

Against LLC Defendants, Plaintiffs assert only state law claims, under the Town Law. Id. ¶¶ 48–

66.

On December 6, 2019, Town Defendants filed a notice of removal from the Supreme

Court of the State of New York, Schoharie County, to this Court. Docket. On December 13,

2019, Town Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b).

Id. Town Defendants seek dismissal of Plaintiffs' Complaint in its entirety. Town Defs.' Mem.

of Law at 1. LLC Defendants filed a motion to dismiss on February 24, 2020. Docket. They

likewise seek to dismiss the Complaint in its entirety. LLC Defs.' Mem. of Law at 1.

III.    LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a

"complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A court must accept as

true the factual allegations contained in a complaint and draw all inferences in favor of a

plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may

be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to

state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility

requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of

[the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550

U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than

the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not

demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

## IV.    DISCUSSION

The Court addresses, in turn: (1) ripeness; (2) Plaintiffs' substantive and procedural due

process claims; (3) Plaintiffs' equal protection claim; and (4) Plaintiffs' state law claims.

### A.  Ripeness

Town Defendants argue that the Court should dismiss Plaintiffs' procedural due process,

substantive due process, and equal protection claims for lack of jurisdiction, because the claims

are not ripe. Town Defs.' Mem. of Law at 6–7. The Court finds that Plaintiffs' claims are ripe.

"One of the constitutional minima a plaintiff must satisfy in order to bring a valid lawsuit

in federal court is that his or her claim for relief is ripe for judicial review." Osborne v.

Fernandez, No. 06-CV-4127, 2008 U.S. Dist. LEXIS 116797, at *64 (S.D.N.Y. July 16, 2008).

The purpose of the ripeness doctrine of Article III of the Constitution is to "prevent the courts,

through avoidance of premature adjudication, from entangling themselves in abstract

disagreements over administrative policies, and also to protect the agencies from judicial

interference until an administrative decision has been formalized and its effects felt in a concrete

way by the challenging parties." Abbott Labs. v. Gardner, 387 U.S. 136, 148–49 (1967).

To satisfy the ripeness requirement for judicial review, a property owner must show that "the state regulatory entity has rendered a 'final decision' on the matter." Lebanon Valley Auto Racing Corp. vs. Cuomo, No. 20-CV-804, 2020 WL 459692, at *7 (N.D.N.Y. Aug. 11, 2020) (Kahn, J.); see also Williamson Cty. Reg'l Plan. Comm'n v. Hamilton Bank, 473 U.S. 172, 186 (1985) (holding that a property-related claim is not ripe "until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue").

"The final decision requirement ensures that, when analyzing a § 1983 challenge to the constitutionality of a local land use decision, a federal court has 'the benefit of a fully developed record, a precise demonstration of how local regulations would be applied to the particular property, and knowledge of whether a variance or approval of alternative plans could provide the relief the land owner seeks.'" Sheri Torah, Inc. v. Vill. of S. Blooming Grove, No. 10-CV-3762, 2013 U.S. Dist. LEXIS 49797, at *15 (S.D.N.Y. Mar. 28, 2013) (quoting Lawson v. E. Hampton Planning and Zoning Comm'n, No. 07-CV-1270, 2008 U.S. Dist. LEXIS 72506, at *7–8 (D. Conn. Sept. 22, 2008)). Although the above cases articulate this finality requirement in the context of takings claims, the requirement has also been extended to due process and equal protection claims brought via § 1983. Dibello v. Town of N. Greenbush Planning Bd., No. 09-CV-692, 2012 U.S. Dist. LEXIS 173040, at *10–11 (N.D.N.Y. Dec. 6, 2012).

Relying on the finality requirement, Town Defendants argue that Plaintiffs' § 1983 claims are not ripe for review and that the court should therefore dismiss these claims for lack of jurisdiction. Town Defs.' Mem. of Law at 6–7. Town Defendants argue that because there has been no final outcome with regard to LLC Defendants' revised site plan, "the finality

requirement has not been satisfied and Plaintiffs' § 1983 claims do not present a ripe controversy

before this Court." Id. at 8.[1]

But Plaintiffs need not necessarily await an enforcement action for their claims to be ripe.

"The attempt to define an appropriate judicial response to agency delay or inaction is . . . often

couched in terms of 'finality' or 'ripeness.'" Zamore v. Dyer, 597 F. Supp. 923, 929 (D. Conn.

1984). In Zamore, the plaintiff did not receive any ruling from the state agency for over three

years after she filed her complaint. Id. at 928. In determining whether the case was fit for judicial

action, the court employed a two-prong test. Id. at 929. The first prong examines whether three

criteria have been met: (1) "concrete issues sufficiently defined so that the court does not get

entangled in 'abstract disagreements over administrative policies'"; (2) "'a purely legal' issue

requiring only statutory interpretation and application"; and (3) "a determination that the judicial

action requested will not interfere with an ongoing administrative process." Id. (quoting Abbott

---

[1] Town Defendants also argue that Plaintiffs' claims are not ripe because there is an ongoing administrative process regarding an "Order of Remedy" that CEO Fishman issued to LLC Defendants on October 30, 2018. See Town Defs.' Mem. of Law at 8. This Order of Remedy pertains to Town Defendants' use of the Premises for commercial purposes in violation of the Special Use Permit, specifically in hosting professional police department weapons training and certification. See Pls.' Opp'n to Town Defs.' Mot. to Dismiss at 5. Town Defendants urge the Court to take judicial notice of the fact that this Order of Remedy was issued on October 30, 2018 and of the fact that it had the contents mentioned, see Town Defs.' Mem. of Law at 5, facts that are derived from a copy of the Order of Remedy attached to a filing in a state court Article 78 proceeding, see Dkt. No. 5-2 at 48.

    The Court need not decide whether judicial notice is appropriate, because the facts mentioned are not relevant to ripeness analysis. As Plaintiffs clarify, their claims against Town Defendants are unrelated to Town Defendants' improper use of the Premises for commercial purposes. "[R]ather, Plaintiffs' claims relate to the Town Defendants' failure to act upon indisputable evidence of the Town Defendants permitting shooting on the Premises at unapproved distances . . . ." See Pls.' Opp'n to Town Defs.' Mot. to Dismiss at 4; see also Compl. ¶¶ 75–76. Because CEO Fishman's Order of Remedy did not address Town Defendants' shooting at unapproved distances, the issue of whether a decision with respect to the violation addressed by the Order of Remedy has been finalized is immaterial.

Labs, 387 U.S. at 148–49). Then, under the second prong, the court "must evaluate the harm to

the petitioner of withholding judicial review." Id.

As for the first criterion of the first prong, the issues are "sharply defined." Zamore, 597

F. Supp. at 929. "[T]he Special Use Permit . . . restricted shooting on the Premises to targets at

distances between 50 yards and a maximum of 450 yards." Compl. ¶ 29. These requirements are

simple and unambiguous, and the dispute over their application does not appear to implicate any

abstract administrative policy concerns.

As for the second criterion of the first prong, the issue in this case is a "purely legal one."

Zamore, 597 F. Supp. at 929. A purely legal issue "may be decided without further factual

development." See Entergy Nuclear Vt. Yankee, LLC v. Shumlin, 733 F.3d 393, 430 (2d Cir.

2013) (quoting Gary D. Peake Excavating v. Town Bd. of Town of Hancock, 93 F.3d 68, 72 (2d

Cir. 1996)); see also Gary D. Peake Excavating, 93 F.3d at 72 (holding that plaintiffs' claims

were fit for judicial review because they were "purely legal and may be decided without further

factual development"). Analyzing Plaintiffs' claims against Town Defendants primarily requires

the court to determine whether Town Defendants were required under local and state law to

sanction the LLC Defendants for allowing guests to shoot at unapproved distances. And Town

Defendants have given no indication there are yet unresolved factual issues regarding the LLC

Defendants' underlying conduct that will be developed further through any administrative

process. Thus, the gravamen of Plaintiffs' claims against Town Defendants—that Defendants

wrongfully engaged in an illegal course of conduct in refusing to properly enforce the Town

Code and the Conditions of the Special Use Permit—presents an issue that is "primarily legal,

and not factual, in nature." Able v. United States, 88 F.3d 1280, 1290 (2d Cir. 1996).

As for the third criterion of the first prong, "the judicial action requested will not interfere with an ongoing administrative process." Zamore, 597 F. Supp. at 929. Typically, a court will hesitate to intervene if there is "any indication whatsoever of agency activity" despite the fact that "plaintiff's complaint has been long delayed." Id. at 929–30. Nonetheless, if an agency has failed to take any action for a long enough period of time, courts will consider this criterion to be satisfied. In Zamore, the court held that judicial action would not interfere with any agency process, because the responsible agency had taken no action on the plaintiff's complaint for over three years. Id. at 930.

Here, Town Defendants have failed to take any action in responding to Plaintiffs' multiple requests to enforce the Town Code and the conditions of the Special Use Permit against LLC Defendants for a significant period of time. LLC Defendants' revised site plan was submitted in May 2018 and has been pending for approximately two years. Compl. ¶¶ 33–34. Despite the letter sent by Plaintiffs' counsel in October 2018 alerting Town Defendants to LLC Defendants' violations of the Special Use Permit and requesting Town Defendants to direct LLC Defendants "to immediately cease and desist from shooting from all unauthorized and unapproved shooting distances on the Premises and from advertising the availability of shooting at range distances in excess of 450 yards . . . ." and Tutelman's email alerting Town Defendants to LLC Defendants' violation of the permit, Town Defendants still "failed to enforce the Town Code and the Conditions of the Special Use Permit." Id. ¶¶ 39–41.

The Court must now evaluate the second prong, "the harm to the petitioner of withholding judicial review." Zamore, 597 F. Supp. at 929; see also Daley v. Mathews, 536 F.2d 519, 522 (2d Cir. 1976) (holding that "in assessing the fitness for review of challenges to pre-enforcement agency action, a major consideration is the hardship to the plaintiff which will flow

from withholding judicial review"). Here, the injury is "great and continuing" and the delay will

likely "inflict further harm on the plaintiff[s]." Zamore, 597 F. Supp. at 930. In the absence of

judicial intervention, LLC Defendants will continue to shoot at unapproved distances, which will

further interfere with Plaintiffs' "quiet, peaceful and orderly use" of their properties. Id.[2]

Town Defendants' prolonged failure to enforce the Town Code and the conditions of

the Special Use Permit thus renders the case fit for judicial review.

### B. Procedural and Substantive Due Process Claims

Plaintiffs allege that Town Defendants violated their due process rights under the

Fourteenth Amendment. Plaintiffs allege the following:

> As a direct result of the Town, the Town of Catskill's Planning Board and
> Elliott Fishman, P.E., as the Town of Catskill's Code Enforcement Officer's
> failure to properly administer and enforce the Town Code and the
> Conditions of the Special Use Permit as it relates to the shooting range on
> the Premises, each of the individual Plaintiffs have been deprived of their
> property rights without due process of law.

Compl. ¶ 75.

Under the Fourteenth Amendment, "[n]o State shall . . . deprive any person of life,

liberty, or property, without due process of law[.]" U.S. CONST. amend. XIV, § 1. "In order to

demonstrate a violation of either substantive or procedural due process rights, the plaintiff must

first demonstrate the possession of a federally protected property right to the relief sought."

Media All., Inc. v. Mirch, No. 09-CV-659, 2011 U.S. Dist. LEXIS 84950, at *26–27 (N.D.N.Y.

Aug. 2, 2011).

---

[2] In a December 18, 2018 e-mail to CEO Fishman, Tutelman advised him that due to
increased noise from long-range shooting, "it becomes a war zone even in the house and this is
when we have to leave the house and spend a day somewhere else in the area and come back late
at night [when] the shooting is over." Compl. Ex. C.

### 1. *Substantive Due Process*

In land use regulation cases, courts apply "a strict 'entitlement test' when determining

whether an alleged property right is sufficient to support a substantive due process claim." DLC

Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 130 (2d Cir. 1998).

Plaintiffs' alleged property rights are not sufficient to support a substantive due process

claim, because Plaintiffs are not entitled to the enforcement of discretionary zoning

requirements. "A constitutionally protected property interest in land use regulation arises only if

there is an entitlement to the relief sought by the property owner." Gagliardi v. Vill. of Pawling,

18 F.3d 188, 192 (2d Cir. 1994). One is not entitled to relief sought where the "local regulator

has discretion with regard to the benefit at issue." Id. at 192. See Harlen Assoc's v. Inc. Vill. of

Mineola, 273 F.3d 494, 504–05 (2d Cir. 2001) (holding that because a zoning board had the

power to "grant and deny special use permits," the plaintiff lacked a cognizable property right);

see also Crowley v. Courville, 76 F.3d 47, 52 (2d Cir. 1996) (dismissing plaintiff's due process

claim because the Zoning Board had the authority to grant variances).

In this case, the decision to enforce the relevant provisions of the Town Code and

conditions of the Special Use Permit is at the discretion of the Code Enforcement Officer. See

Town Defs.' Mem. of Law at 12–13. The Town Code provides that "[t]he process for responding

to a complaint shall include the following steps *as the Code Enforcement Officer may deem to be*

*appropriate*." See id. at 13 (quoting Catskill Town Code § 87-12) (emphasis added).

In their response, Plaintiffs contend that despite the permissive language in the Town

Code, Town Defendants had a "mandatory duty to enforce compliance with the conditions

attached to the Special Use Permit" due to the following language in New York Town Law §

274-B(4): "[U]pon its granting of said special use permit, any such conditions must be met in

11

connection with the issuance of permits by applicable enforcement agents or officers of the town." Pls.' Opp'n to Town Defs.' Mot. to Dismiss at 12–13.

However, Plaintiffs misinterpret the Town Law: the provision they identify places the duty on *LLC Defendants* to abide by the conditions of the Special Use Permit. Town Law § 274-B(4) operates against the background of a provision allowing towns to delegate the authority to approve special use permits to planning boards. See § 274-A(2); Matter of Layne, 918 N.Y.S.2d 398, 398 (Sup. Ct. 2008) (noting that § 274-A of the Town Law "provides towns with the option of delegating to their planning boards the power to approve site plans and special permits"). Given this context, it is clear that in specifying that "any such conditions must be met in connection with the issuance of permits by applicable enforcement agents or officers of the town," § 274-B(4), the provision is not stating that enforcement agents or officers must abide by certain conditions in connection with the issuance of permits, but rather is emphasizing that property owners issued special use permits are subject to the lawful authority of whatever agency has been delegated jurisdiction over special use permits. This interpretation is bolstered by the previous sentence in § 274-B(4), which indicates that "such conditions" refers to the conditions imposed *by* the authorized planning board *on* the property owner. See Matter of Layne, 918 N.Y.S.2d at 398 (noting that the authorized board "has the authority 'to impose such reasonable conditions and restrictions as directly related to and incidental to the proposed special use permit'") (quoting Town Law § 274-B(4)).

Moreover, generally speaking, a plaintiff does not have a cognizable entitlement to the enforcement of zoning laws. "Under New York state law, 'the decision to enforce zoning and building codes rests in the discretion of the public officials charged with enforcement.'" Rosendale v. Iuliano, No. 99-CV-11701, 2002 U.S. Dist. LEXIS 2173, at *16 (S.D.N.Y. Feb. 13,

2002). Plaintiffs "have no right to demand that the . . . Defendants enforce the zoning laws." See

Gagliardi, 18 F.3d at 192; see also Rosendale, 2002 U.S. Dist. LEXIS 2173, at \*18 (holding that

"while a government entity may not always make the right decision, the question of whether a

particular decision was right, so long as the entity in question possesses discretion in reaching

this decision, 'does not raise a federal question. . . . Federal courts should not become zoning

boards of appeal'") (citing Harlen, 273 F.3d at 505).

Accordingly, Plaintiff's substantive due process claim is dismissed.

### 2.   *Procedural Due Process*

"To state a claim for a violation of procedural due process, plaintiffs must (1) identify a

property interest; (2) demonstrate that the governmental action with respect to that property right

amounted to a deprivation; and (3) show that the deprivation was without due process of law."

Tara Circle, Inc. v. Bifano, No. 95-CV-6522, 1997 U.S. Dist. LEXIS 10153, at \*22 (S.D.N.Y.

July 15, 1997).

Because Plaintiffs lack a protected property interest in the enforcement of the zoning

laws at issue, Plaintiffs do not satisfy the first prong. In order for Plaintiffs to possess a property

interest, they must be entitled to the relief sought under state law. Here, Plaintiffs are not entitled

to relief sought, because, as explained above, the decision to enforce or not enforce the zoning

rules at issue is within the discretion of the Code Enforcement Officer. See Macera v. Vill. Bd.

of Ilion, No. 16-CV-668, 2017 U.S. Dist. LEXIS 47529, at \*15 (N.D.N.Y. Mar. 30, 2017)

(holding that, due to the enforcement discretion of zoning officials, the plaintiffs failed to state a

procedural due process claim based on the defendants' failure to enforce zoning regulations).

For this reason, Plaintiffs' procedural due process claim is dismissed.

### C.  Equal Protection Claim

In order to state a claim under the Equal Protection Clause, a plaintiff "must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005); see also Syfert v. City of Rome, No. 19-CV-775 , 2019 U.S. Dist. LEXIS 138285, at \*49–50 (N.D.N.Y. Aug. 14, 2019) (dismissing plaintiff's Equal Protection claim because plaintiff failed to allege that he was treated differently from individuals similarly situated). For Plaintiffs' claim to withstand a motion to dismiss, the facts alleged must be more than conclusory and must be enough to nudge the claim from conceivable to plausible. Ashcroft, 556 U.S. at 680.

Plaintiffs have not stated an equal protection claim, because they have not sufficiently alleged that they received differential treatment from similarly situated individuals. In this case, Plaintiffs allege simply that Town Defendants "impermissibly treated the Plaintiffs differently than other similarly situated persons with intent to injure the constitutionally protected rights of Plaintiffs." Compl. ¶ 77. However, Plaintiffs simply assert a legal conclusion, and they have "failed to identify any similarly situated [individuals] that defendants treated differently." See Media All., Inc., 2011 U.S. Dist. LEXIS 84950, at \*25.

Therefore, Plaintiffs' equal protection claim is dismissed for failure to state a claim.[3]

### D.  State Law Claims

Plaintiffs assert state law claims against LLC Defendants under the New York State Town Law § 268(2) and do not assert any federal law claims against those defendants. The Court dismisses all state law claims for lack of subject matter jurisdiction.

---

[3]  Plaintiffs concede that they fail to state an equal protection claim. See Pls.' Opp'n to Town Defs.' Mot. to Dismiss at 2.

In general, once federal question jurisdiction is established with respect to some federal claim, district courts may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims "so related" to that federal claim that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). But because the Court finds that Plaintiffs have failed to state a claim with respect to any federal claim, the Court declines to exercise jurisdiction over Plaintiffs' state law claims against LLC Defendants. See 28 U.S.C. 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if — . . . the district court has dismissed all claims over which it has original jurisdiction"); Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.") Castellano v. Board of Trustees of Police Officers' Variable Supplements Fund, 937 F.2d 752, 758 (2d Cir. 1991) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).

Accordingly, Plaintiffs' claims against LLC Defendants are dismissed for lack of subject matter jurisdiction.

V.      CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Town Defendants' Motion to Dismiss (Dkt. No. 5) and LLC Defendants' Motion to Dismiss (Dkt. No. 16) are **GRANTED in their entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk is directed to close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**[4]

DATED:        October 28, 2020
                   Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge

---

[4] Due to the delays and disruptions caused by the COVID-19 pandemic, some cases/motions were not disposed of prior to the end of the reporting period.